

**IT IS ORDERED as set forth below:**

**Date: August 20, 2018**

_Wendy L. Hagenau_

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-59784-WLH |
| | ) | |
| SAMUEL LOUIS LEVINE, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| GEORGIA ALLOY, LLC | ) | |
| and FDC 94, LLC, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| SAMUEL LOUIS LEVINE and | ) | |
| NANCY J. WHALEY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING DEBTOR'S MOTION TO DISQUALIFY JUDGE

The Debtor filed his "Motion to Disqualify Judge Wendy Hagenau and the Rest of the

Judges of the Bankruptcy and District Courts for the Northern District of Georgia" on August 13,

2018 [Docket No. 49].[1]  The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157.

**PROCEDURAL BACKGROUND**

This is the Debtor's fourth bankruptcy case since 2016.  The Debtor filed Case No. 16-51824 on February 1, 2016, which was dismissed on May 2, 2016 for failure to fund Chapter 13 plan payments.  The Debtor was represented by counsel in this case and his petition included a certification that he had attended credit counseling in January 2016.  The Debtor then filed Case No. 16-61477 on July 1, 2016, but without counsel.  This second case was dismissed on August 23, 2016 due to the Debtor's failure to pay the filing fee.  The Debtor filed his third case, Case No. 16-69178, on October 27, 2016.  This third case was dismissed on December 13, 2016 on the Trustee's motion to dismiss the case due to the Debtor's failure to obtain credit counseling as required under 11 U.S.C. § 109(h).  This dismissal was issued pursuant to 11 U.S.C. § 109(g) and prohibited the Debtor from filing another Chapter 13 case for 180 days.  The Debtor did not file a bankruptcy petition again until this current case.

On June 12, 2018, the Debtor filed this bankruptcy case without the assistance of counsel, but including a credit counseling certificate as required under 11 U.S.C. § 109(h).  On June 22, 2018, Georgia Alloy LLC and FDC94 LLC ("MFR Movants") filed a motion for relief from stay [Docket No. 11].  Therein, the MFR Movants alleged the Debtor's home was foreclosed on March 7, 2017 and MFR Movants were the purchasers of the property at the foreclosure sale.  A copy of the Deed Under Power reflecting the MFR Movants as purchasers was included with the motion. The motion also alleged that, on January 20, 2018, the MFR Movants filed a dispossessory action

---

[1] The title of the motion says it is seeking to disqualify all of the bankruptcy judges and district judges in the Northern District of Georgia; however, the motion itself states no grounds for the disqualification of any parties other than Judge Hagenau and the Court only addresses her disqualification.

in the Superior Court of DeKalb County.  The motion alleged further that the Debtor responded to the dispossessory action and moved for the foreclosure sale to be set aside.  Attached to the motion is a copy of the DeKalb County Superior Court's order dated June 6, 2018, entitled "Final Judgment and Writ of Possession" ("State Court Order").  In this State Court Order, the DeKalb Superior Court issued a writ of possession to the MFR Movants and denied the Debtor's motion to set aside the foreclosure sale.  This Court heard the motion for relief from stay, after notice, on July 18, 2018 and entered an order on July 23, 2018 [Docket No. 28] granting the motion and annulling the automatic stay *nunc pro tunc* to the filing date.  The Debtor has appealed the Court's order.

Now, the Debtor has filed this Motion arguing that this judge is not fair and impartial for several reasons.  Primarily the Debtor contends this judge should be disqualified because this judge granted the Chapter 13 Trustee's motion to dismiss in Case No. 16-69178 on December 13, 2016, because this judge did not impose an automatic stay in the Debtor's Case No. 16-69178, because this judge annulled the automatic stay by its order entered on July 23, 2018, and because this judge allegedly disregarded the Debtor's financial distress and disabilities in not ruling in favor of the Debtor.

## JUDICIAL RECUSAL

Recusal of this judge from hearing any further matter in this case is governed by 28 U.S.C. § 455(a), which provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The appropriate test under Eleventh Circuit law is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  See also Mantiply v. Horne (In re Horne), 630 Fed Appx. 908, 910

(11th Cir. 2015, *petition for cert filed* (U.S. March 30, 2016) (No. 15-1229) (cites omitted).  The Court will "not consider the perceptions of idiosyncratic, hypersensitive, and cynical observers." Id. (cites omitted).  And, "the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held."  United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (cites omitted).  Further, a judge is not "'recusable for bias or prejudice [when] his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings.'"  Tucker v. Mukamal, 2015 WL 5166276 at *2 (11th Cir. Sept. 4, 2015) (citing Liteky v. United States, 510 U.S. 540, 551 (1994)).

Section 455 "does not invite recusal whenever it is requested by a party."  Guthrie v. Wells Fargo Home Mortgage, N.A., 2015 WL 1401660 at *3 (N.D. Ga. March 26, 2015).  In fact, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  Id. (cites omitted).  "[C]ourts must exercise great care in considering motions for recusal so as to discourage their use for purposes of judge shopping or delay[.]"  Barna v. Haas (In re Haas), 292 B.R. 167, 175 (Bankr. S.D. Ohio 2003).

Importantly, "it is the facts, not the movant's allegations, that control the propriety of recusal."  Guthrie at *3.  "Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'"  United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (cites omitted).  Furthermore, allegations made under 28 U.S.C. § 455 need not be taken as true.  Weatherhead v. Globe International, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987).  Finally, motions to recuse under Section 455 "are typically decided by the presiding judge."  Guthrie at *3.

The Debtor's Motion alleges this Court is biased against him.  Bias and partiality, such as forms a basis for recusal, can arise either because the judge has learned information outside the course of judicial proceedings which forms the basis of the judge's opinion or where even from information provided only in court, the judge forms an opinion "so extreme that fair judgment

4

appears impossible." Haas, 292 B.R. at 176. All of the Debtor's allegations are based on actions

the Court has taken on pending motions and matters before the Court, all of which are based on

the evidence presented in connection with the various motions. The Debtor has not alleged, and

cannot allege, that the Court has any information about the matters on which it has ruled from any

source other than what has been presented to the Court in hearings in which the Debtor has

participated. The Court's opinions which have been formed as a result of the Debtor's actions and

testimony in this case do not create a basis for recusal.

The Debtor's allegations seem to be that this judge cannot render a fair judgment. This is

not true. Moreover, the Supreme Court has recognized that recusal is not required even if the judge

has formed a negative opinion of the party, except in rare circumstances.

> The judge who presides at a trial may, upon completion of the evidence, be
> exceedingly ill disposed towards the defendant, who has been shown to be a
> thoroughly reprehensible person. But the judge is not thereby recusable for bias or
> prejudice, since his knowledge and the opinion it produced where properly and
> necessarily acquired in the course of the proceedings, and are indeed sometimes (as
> in a bench trial) necessary to completion of the judge's task. As Judge Jerome
> Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not
> mean child-like innocence. If the judge did not form judgments of the actors in
> those court-house dramas called trials, he could never render decisions." (cite
> omitted). Also not subject to deprecatory characterization as "bias" or "prejudice"
> are opinions held by judges as a result of what they learned in earlier proceedings.
> It has long been regarded as normal and proper for a judge to sit in the same case
> upon its remand, and to sit in successive trials involving the same defendant.

Liteky, 510 U.S. at 550-51. Moreover, the Debtor's allegations are conclusory and not supported

by facts. The Court will review each of the allegations made by the Debtor:

A.  Dismissal of Case No. 16-69178 for failure to obtain prepetition credit counseling –

The Debtor argues the Court has shown bias and prejudice by dismissing Case No. 16-69178 for

failing to obtain prepetition credit counseling. The Bankruptcy Code, at 11 U.S.C. § 109(h)

provides "an individual may not be a debtor under this title unless such individual has, during the

180-day period ending on the date of the filing of the petition by such individual, received from

an approved non-profit budget and credit counseling agency … an individual or group briefing …

that outlined the opportunities for available credit counseling and assisted such individual in

performing a related budget analysis."  The Debtor acknowledges he "did not strictly comply with

11 U.S.C. § 109(h)".  The record reflects he obtained credit counseling postpetition, on November

6, 2016, a certificate of which was filed with the Court on November 7, 2016.  The Debtor argues

he has a documented history of disabilities which the Court did not take into consideration in

connection with the order dismissing the case.  He also argues he presented all other documents to

the Court that were required to maintain his case.

Fundamentally, the Debtor simply disagrees with the Court's ruling made in December

2016.  The ruling was never appealed.  There is simply no link between the ruling in December

2016 and the Court's approach to the 2018 bankruptcy case.  Moreover, the Court notes that, as to

the Debtor's disability and its possible effect on his obtaining credit counseling, he obtained credit

counseling in January 2016 and filed that certificate with his first 2016 case and he obtained credit

counseling on November 6, 2016.  This is further evidence that the Debtor was not under a

disability that would satisfy the requirement of exigent circumstances under 11 U.S.C. § 109(h)(3).

Credit counseling courses are taken online and do not require a debtor to physically move to any

other location.  The Debtor simply did not comply with one of the requirements for being a debtor

under the Bankruptcy Code in 2016 and his case was therefore dismissed.  The dismissal is not

evidence of any bias or prejudice.

B.  Failure to impose the stay in 2016 case – Next the Debtor argues he filed a motion to

impose the stay in his Case No. 16-69178, which the Court denied.  He believes this is evidence

of prejudice and bias in the current case.  However, the Debtor's Case No. 16-69178 was the

Debtor's third bankruptcy case pending within a year.  Pursuant to 11 U.S.C. § 362(c)(4), the

automatic stay did not go into effect and the Court could only order it to go into effect if the Court

could find there has been "a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case … or any other reason to conclude that the later case will not be concluded … with a discharge … [or] a confirmed plan that will be fully performed." 11 U.S.C. § 362(c)(4)(D)(i)(III).  Given that the Debtor was not eligible to be a debtor in the case because of his failure to obtain prepetition credit counseling, that particular bankruptcy case would not be concluded successfully with a confirmed plan and would be dismissed. Therefore, imposition of the stay was not proper.  Again, the argument of the Debtor is a disagreement with the Court's legal ruling, not a basis for finding that the Court was biased or prejudiced.  The Court notes further that the Debtor did not appeal the Court's denial of his motion to impose the stay.

C.  Assigning the case to the same judge – The Debtor argues that "the federal court's administrative policy of assigning a new case filing to the same judge who heard and decided a previous case, especially adversely to the filer" is at odds with judicial canons and requires "the automatic disqualification of the judge".  Debtor's Motion at page 7.  The Debtor is simply mistaken.  As the Supreme Court has recognized "it has long been regarded as normal and proper for a judge to sit in the same case upon its remand and to sit in successive trials involving the same defendant."  Liteky, 510 U.S. at 551.  A similar argument was rejected by the court in Obert v. Republic Western Ins. Co., 190 F.Supp. 2d 279 (D. R.I. 2002).  Because a judge is not recusable for bias or prejudice when the knowledge he has gained were acquired in the course of the proceedings themselves, disqualification from hearing subsequent related matters is not necessary. See Tucker v. Mukamal, 2015 WL 5166276 at *2 (11th Cir. Sept. 4, 2015).  There has been no allegation, and can be none, that this Court has any information about the Debtor other than what has been presented to the Court in the Debtor's bankruptcy cases.  The Court concludes the fact it

heard the Debtor's prior three bankruptcy cases is not a basis for finding that this Court is biased or prejudiced in the current bankruptcy case.

D.  Granting the motion for relief from stay – The Debtor's primary complaint is that the Court annulled the automatic stay in this current case *nunc pro tunc* to the petition date.  The Debtor argues strenuously, as he did at the hearing on the motion for relief from stay, that the underlying foreclosure was improper and that the Superior Court's order dismissing his claim to set aside the foreclosure and granting the writ of possession violated due process and was erroneous in many respects.  He disagrees with this Court's decision to lift the automatic stay and allow the ultimate determination about the adequacy of the foreclosure sale and the writ of possession to be made through the appellate process in the state court, where it began.  Again, a disagreement with this Court's ruling is not the same as a finding of bias or prejudice.  The Debtor has appealed the Court's order granting stay relief and that is the appropriate way to challenge the Court's decision.

The Debtor alleges repeatedly the Court "knew" or it was "obvious" that the MFR Movants had no basis on which to claim his property.  He alleges the Court has ignored his financial distress. The Debtor is simply wrong.  The motion for relief from stay includes a copy of the Deed Under Power transferring title to the property to the MFR Movants.  The motion for relief from stay includes a copy of the State Court Order denying the Debtor's motion to set aside the foreclosure and granting the MFR Movants a writ of possession.  The Debtor had his day in court, was not successful, and has appealed the State Court Order.  The state appellate court is the appropriate court to resolve the issue.  Having one's home foreclosed can certainly create financial distress. But the distress of the debtor is not a basis for ignoring the legal rights of creditors which have already been established in a state court.

The Debtor takes issue with the Court's statement that it was a court of limited jurisdiction, pointing to 11 U.S.C. § 105. But Section 105 does not grant the Court jurisdiction. It only permits the Court to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code. See Law v. Siegel, 571 U.S. 415 (2017). It does not authorize the Bankruptcy Court to reverse orders of the state court, which is the relief the Debtor seeks. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983).

Further, the Court's granting of a motion for relief from stay is not a finding on the validity of the arguments of either party on the underlying issue. A "hearing on a motion for relief from stay is meant to be a summary proceeding, and the validity or merits of claims and defenses are not litigated during the hearing." In re Fontaine, 2011 WL 1930620, *1 (Bankr. N.D. Ga. April 12, 2011). Rather, the purpose of the hearing is simply to determine "whether a creditor has a colorable claim to property of the estate". Grella v. Salem Five Cent Bank, 42 F.3d 26, 32 (1st Cir. 1994); In re Lebbos, 455 B.R. 607, 615 (Bankr. E.D. Mich. Aug. 23, 2011); In re Fontaine, 2011 WL 1930620 (Bankr. N.D. Ga. April 12, 2011). As the court in Grella said, "As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus the decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." 42 F.3d at 32.

An order granting relief from stay, therefore, only finds that the creditor has a colorable claim and that its interest is not adequately protected by the debtor at the time the order is issued. See also In re Evans, 786 F.Supp. 2d 347, 355 (D. D.C. 2011). The Court simply allowed the state court process which had been underway pre-petition and in which the Debtor had participated, to continue. It is important to note that, in determining what is "property of the estate" under 11 U.S.C. § 541, the bankruptcy court applies applicable non- bankruptcy law to determine the rights

of the parties under those laws.  See Butner v. U.S., 440 U.S. 48 (1979).  The DeKalb Superior

Court has already construed those laws, the appellate court has before it the proper interpretation

of the state law, and the Court deemed it best to allow that state court process to continue.

E.      Finally, the Debtor argues the Court is biased and prejudiced because it has not

once ruled in favor of the Debtor.  The fact that a party does not prevail does not mean the judge

is biased or prejudiced against the party, it simply means the party does not have the better

argument on the issues that have been presented.  If the Debtor disagreed with any of the Court's

rulings, an appeal was the appropriate remedy.  When the Court has ruled against the Debtor, it

has been because the evidence and the law required it.

## CONCLUSION

The Debtor has presented no facts which support this Court's disqualification.  The

Debtor's only real allegations are that this Court has ruled against him, which has not given him

an opportunity for a second bite of the apple on the propriety of the state court foreclosure.  Those

facts do not demonstrate bias in favor of the MFR Movants or against the Debtor, but rather this

Court's view of the application of the law to the facts presented to it.  This Court therefore DENIES

the Debtor's request for disqualification.

**### END OF ORDER ###**

## DISTRIBUTION LIST

Samuel Louis Levine
1014 Havenridge Lane, NE
Atlanta, GA 30319

Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120, SunTrust Garden Plaza
303 Peachtree Center Avenue
Atlanta, GA 30303

John R. Grimes, Esq.
Lefkoff, Duncan, Grimes,
McSwain & Hass, P.C.
3520 Piedmont Road NE, Suite 200
Atlanta, GA 30305